UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

      v.                                  CRIMINAL NO: 3:19cr74 (JCH)

FRANCISCO LOPEZ                       October 14, 2020

THE UNITED STATES' MEMORANDUM REGARDING
SOVEREIGN CITIZEN CLAIMS

In a letter and affidavit filed September 16, 2020 (Doc. No. 1686), defendant Francisco Lopez claims that he is not subject to the jurisdiction of the Court. The arguments asserted by defendant Lopez are commonly associated with the "sovereign citizenship" ideology that seeks to challenge the Court's legitimacy and jurisdiction. The government submits this memorandum outlining the applicable law rejecting such claims.

As the Second Circuit Court of Appeals has recognized, "[t]he sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 Fed. Appx. 105, 106 n.1 (2d Cir. Feb. 14, 2013) (summary order). Several federal courts have rejected the kinds of arguments proffered by defendant Lopez as having no basis in law. One such decision was issued by the United States District Court for the District of Hawaii; its opinion warrants quoting at length:

> Defendant appears to be raising a type of "sovereign citizen" claim. . . .
>
> . . . [T]hey believe that our nation is made up of two types of people: those who are sovereign citizens by virtue of Article IV of the Constitution, and those who are "corporate" or "14th Amendment" citizens by virtue of the ratification of the 14th Amendment. The arguments . . . are generally incoherent . . . . They all rely on

> snippets of 19th Century court opinions taken out of context, [and] definitions from obsolete legal dictionaries and treatises . . . .
>
> [They] will often attempt to avoid conferral of jurisdiction onto a court by refusing to identify themselves or denying that they are the person named in a warrant or summons.
>
> . . .
>
> It is the belief of members of the movement that they can file a document renouncing their citizenship . . . and not [be] subject to the law of their state or the federal government. Another ground . . . may be his refusal to recognize himself as a "person" . . . [based on] a somewhat mystical distinction between a "person" and a "human being" . . . .
>
> . . .
>
> "The attempt to divide oneself into two separate entities . . . is a legal fiction and has been struck down consistently in courts around the country." *Santiago v. Century 21/PHH Mortg.*, 2013 WL 1281776, at *5 (N.D.Ala. Mar. 27, 2013) (citing cases). . . .
>
> This court, like many other courts across the United States, concludes that "'sovereign citizens,' like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside."

*United States v. Alexio*, No. CR 13-01017 JMS, 2015 WL 4069160, at *2–4 (D. Haw. July 2, 2015). Faced with similar arguments, the Seventh Circuit Court of Appeals held: "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011).

The criminal jurisdictional statute, 18 U.S.C. § 3231, preempts such jurisdictional arguments, as the federal court for the Northern District of Illinois reasoned:

> Similar arguments have been made by other defendants in the past, and they have always been rejected as erroneous as a matter of law. This Court has jurisdiction over [the defendant] pursuant to 18 U.S.C. § 3231, which states: 'The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.' 18 U.S.C. § 3231. The 1948 amendment to that statute passed both houses of Congress and was signed into

> law by President Truman on June 25, 1948, such that the jurisdictional statutes relied on in this case were properly enacted and are binding.
>
> . . .
>
> Furthermore, [the defendant] is an actual, bona fide Defendant in this case. This Court's jurisdiction over [him] remains valid whether his name is written in all capital letters or a mix of capital and lower case letters, or whether he identifies himself as: a 'real flesh and blood man, in his private capacity,' a 'sovereign secured party creditor;' a debtor; the 'authorized representative of the corporate fiction-entity/debtor identified, as [name],' or 'third party intervenor on behalf of Defendant/Debtor [name].' [Defendant]'s . . . filings do not change this fact. The Defendants charged in this case are not fictional creations, but individual citizens of the United States subject to its valid and enforceable laws

*United States v. Delatorre*, No. 03 CR 90, 2008 WL 312647, at *1–3 (N.D. Ill. Jan. 30, 2008). *See also United States v. Amir*, No. 1:10CR439, 2011 WL 3862013, at *1–3 (N.D. Ohio Aug. 31, 2011) ("[D]efendant Amir's beliefs regarding his citizenship are not relevant. The Court has already determined, on numerous occasions, that it has jurisdiction over these proceedings and over the person of Louis Amir. 'Subject matter jurisdiction is furnished by 18 U.S.C. § 3231, which covers all criminal prosecutions under the United States Code.'" (citations omitted)).

In *Bey v. Bailey*, No. 09 CIV. 8416, 2010 WL 1531172, at *4 (S.D.N.Y. Apr. 15, 2010), the federal court for the Southern District of New York specifically rejected such arguments in the context of a self-identified "Moorish-American National," similar to what defendant Lopez is claiming:

> The Petitioner has also contended that the courts have no jurisdiction over him because of his status as a "Moorish-American National". However, the suggestion that Petitioner is entitled to ignore the laws of the State of New York by claiming membership in the "Moorish- American" nation is without merit and cannot be the basis for . . . relief.

*See also, e.g., United States v. Garcia*, No. 15-CR-260 (PAM/TNL), 2016 WL 9131430, at *1–2 (D. Minn. May 9, 2016), *report and recommendation adopted*, No. 15CR2601PAMTNL, 2016 WL 9131461 (D. Minn. June 15, 2016) ("Defendant has filed several motions and demands that all distill down to one concept: the Court has no jurisdiction over him because he is a sovereign

citizen. Defendant's arguments. . . include: . . . the named defendant is a corporate fiction . . . Defendant was not involved in any commerce at the time of his arrest . . . Defendants' arguments have 'no conceivable validity in American law.'" (citations omitted)); *see also Tyson v. Clifford*, 2018 W.L. 6727538 (D. Conn. Dec. 21, 2018, Hall, J.)(rejecting plaintiff's claim that he was a sovereign citizen not subject to the criminal jurisdiction of the Connecticut Superior Court).

In summary, based on the caselaw outlined above, the defendant's sovereign citizen claims are without merit and he is properly subject to the jurisdiction of the Court.

Respectfully Submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

*/s/ S. Dave Vatti*

S. DAVE VATTI
ASSISTANT U.S. ATTORNEY
Federal Bar No. ct11957
450 Main Street, Suite 328
Hartford, CT 06103
860-947-1101

CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/
S. DAVE VATTI
ASSISTANT U.S. ATTORNEY